CHARLES BORCHERLING, administrator of MARY F. JUSTICE OEHME, appellant,

v.

JOHN RUCKELSHAUS, respondent.

Where a defendant, in an action at law, offers to prove an estoppel *in pais* against the plaintiff, and the offer is overruled by the trial court, on the ground that the defence is not cognizable in such action, and the defendant takes no exception but acquiesces in such ruling as the law of the case, he is not estopped from filing a bill in a court of equity setting up the same facts, to enjoin the enforcement of a judgment obtained against him, in the said action.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *Ruckelshaus v. Oehme, 3 Dick. Ch. Rep. 436.*

*Mr. Chauncey G. Parker* and *Mr. Cortlandt Parker,* for the appellant.

*Mr. Joseph Coult,* for the respondent.

The opinion of the court was delivered by

REED, J.

On March 16th, 1884, Hugh H. McCulloch, being in possession of property in Newark under a deed from Mary J. Oehme, made a lease for five years from April 1st, 1880, to John Ruckelshaus. McCulloch died May 3d, 1883, leaving twenty-six heirs scattered over the United States. Charles M. Kase was appointed administrator of McCulloch's estate and also the agent of his heirs. Ruckelshaus paid his rent after the death of McCulloch to Kase. On July 20th, 1884, Mrs. Oehme began an action of ejectment to recover possession of the property, then first disavowing her deed to McCulloch. She recovered judgment in the ejectment suit. Afterwards, on September 22d,

1888, she brought an action for mesne profits and recovered a verdict against the tenant for the full amount of such profits from the death of McCulloch. The bill in this case is filed to enjoin the collection of the amount of that verdict. The bill sets out the fact already mentioned, and also other facts, to show that Mrs. Oehme has, both by her silence and by her acts and expressions, estopped herself from claiming anything from the tenant for the use of these premises, before the date when he was notified that she claimed the same. A demurrer was filed to this bill. This demurrer was overruled, and an injunction ordered until the defendant should make answer to the bill and the court should make a further order to the contrary. From this decree this appeal is taken.

The decree thus made, it is perceived, rests upon the ground that the facts set out in the bill are sufficient to raise an equitable estoppel against the defendant, by which she is shut off from claiming that the tenant (after he had already paid rent to the heirs of McCulloch) should again pay her for the use of the same property during the same period.

The appellant insists, as a material point in his case, that there exists a counter estoppel against the complainant below. This estoppel, he insists, arises from the fact that the same ground for relief set out in the bill was interposed as a defence in the trial of the action at law for mesne profits. It is contended that if the facts set out in the bill constitute an estoppel *in pais*, that they were equally available as a defence in a court of law, as they are as a ground of complaint in a court of equity. That they were presented to the court in the action at law, and that, therefore, any further litigation of the question whether such facts are efficient against the plaintiff, is conclusively settled by the verdict in her favor.

The course taken in the trial of the action at law for mesne profits in respect to this defence appears to have been as follows : The defendant offered to prove the expressions, acts and silence of Mrs. Oehme as they are set out in the bill, and the court overruled the testimony thus offered, upon the ground that an equitable estoppel was not admissible at all, as a defence in that case.

Now, in this posture of the case, we think that there were two· ·courses of conduct left open to the defendant. ˙He could take· an exception. to the ruling of the court,. and, upon a judgment against him, test the accuracy of said ruling by a .writ of error.. ·By such action he would undoubtedly be estopped from litigat-- ing the same question anew in another court.

But we think he could also accept the ruling of the trial court as the law of the case, and acquiesce in the correctness of the· doctrine thus laid down, namely, that the defence thus offered was one not cognizable by .a court of law in such an action.. This the defendant did in the present case.

Now, when the latter course of conduct is adopted, we think the better rule to be, that a defendant is not estopped from· invoking the aid of a court of equity in establishing the equi- table defence which has been thus overruled in a court of law. We think he had the right to accept the law laid down in the· trial of the first cause as the law of that case.

In respect to the case made by the bill on the facts, it is suf- ficient to say that the facts stated therein justified the court of chancery in making the decree overruling the demurrer.

The decree is affirmed.

*For affirmance*—THE .CHIEF-JUSTICE, DIXON, REED, SCUD- .DER, VAN SYCKEL, BOGERT, BROWN, CLEMENT, KRUEGER, SMITH, WHITAKER—11.

*For reversal*—None.